IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Willie Young, #285487, ) | |
| ) | Civil Action No. 6:07-2893-CMC-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Stan Burtt; Warden, Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined to Lieber Correctional Institution pursuant to orders of commitment from the Clerk of Court of Orangeburg County. At the February 2002 term, the Orangeburg County Grand Jury indicted the petitioner for armed robbery (01-GS-38-2492) and possession of a firearm during commission of a violent crime (02-GS-38-0163). The petitioner was represented at the trial level by defense counsel Mary Miles. From June 24-28, 2002, the petitioner was tried before the Honorable James C. Williams, Jr., and a jury. The jury found the petitioner

guilty of armed robbery but not guilty of possession of a firearm. Judge Williams sentenced the petitioner to 30 years for armed robbery.

A timely notice of appeal was filed and served. Assistant Appellate Defender Robert Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his direct appeal. On January 21, 2003, Pachak filed with the South Carolina Court of Appeals a "no merit" *Anders* Final Brief of Appellant and Petition to be Relieved as Counsel, in which he asserted the following issue on behalf of the petitioner:

> Whether the trial judge erred in refusing to set aside appellant's armed robbery conviction when the guilty verdict on that charge was inconsistent with the not guilty verdict for possession of a weapon?

The state court of appeals issued an opinion dated September 29, 2003, in which it dismissed the appeal and granted the motion to be relieved. *State v. Young*, Unpub. Op. No. 2003-UP-564 (S.C. Ct. App. 2003). The remittitur was sent down on August 23, 2007.

The petitioner next filed a *pro se* application for post-conviction relief on December 23, 2003 (03-CP-38-1585), in which he asserted the following issues:

(1) Ineffective assistance of counsel.

(2) Subject matter jurisdiction.

The State filed a return dated October 11, 2004. An evidentiary hearing was held before the Honorable Diane S. Goodstein on April 27, 2005. The petitioner was present and represented by counsel, W. Scott Palmer. At the hearing, the petitioner presented a *pro se* handwritten document containing the following amended allegations (verbatim):

> (1) 14th Amendment Violation: Due process clause: proof beyond a reasonable doubt.
>
> (2) 5th Amendment Violation: Grand Jury Clause Constructive Amendment.

2

The petitioner testified at the hearing, and the State then moved for a directed verdict. The judge took the case under advisement, and ultimately on June 22, 2005, issued an order of dismissal with prejudice, finding the State's motion well-taken and dismissing the case.

A notice of appeal was filed with the South Carolina Supreme Court from Judge Goodstein's order of dismissal. Assistant Appellate Defender Robert Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his PCR appeal. On December 20, 2005, Pachak filed with the state supreme court a "no merit" *Johnson* Petition for Writ of Certiorari and Petition to be Relieved as Counsel, in which he asserted the following issue on behalf of the petitioner:

> Whether there was any evidence to support the PCR judge's findings that defense counsel was not ineffective in failing to request a jury instruction on common law robbery as a lesser included offence of armed robbery?

The State filed on December 21, 2005, a letter return to the *Johnson* petition. The case was subsequently transferred to the South Carolina Court of Appeals by order dated February 15, 2006. That court issued an order dated April 20, 2007, in which it dismissed the appeal and granted the motion to be relieved. The remittitur was sent down on May 23, 2007.

In his petition for habeas corpus relief filed on August 23, 2007, the petitioner makes the following allegations (verbatim):

> (1) Conviction obtained by use of coerced confession.
>
> Petitioner contends his conviction was obtained by use of the coerced confession of his mother.
>
> (2) (a) Conviction obtained in violation of 14th Amendment Due-Process Clause of the U.S. Constitution, prosecutor's failure to prove petitioner's guilt beyond a reasonable doubt.
>
> (b) Further, petitioner would like to respectfully point out erroneous sentencing, which violated petitioner's sentencing phase, petitioner's defense counsel asked

>   for a sentence of leniency, due to the inconsistent verdicts of the facts, being, the sentenced imposed was based on a fact that was not found by the jury, T. Pg. 619- , I> 5-10, nor admitted by the petitioner.
>
>   (3)     Violation of 5th Amendment; Constructive Amendment of Indictment; U.S. Constitution.

In his amended petition filed March 5, 2008, the petitioner adds the following grounds for relief (verbatim):

>   (4)     14 Amend. Violation: due process: proof of each element beyond a reasonable doubt! Petitioner was convicted of armed robbery, but was found not guilty of possession of a weapon during commission of a of a violatesime, which is, the essential element of armed robbery in this case according o indictment and status 16-11-330.
>
>   (5)     14th Amend violation: due process: Ineffective Assistance of Counsel! Counsel (defense) failed to request the lesser included charge of armed robbery, when verdict of jury, showed there was doubt of armed robbery, because, they found him not guilty of the alleged weapon, warranting the request!
>
>   (6)     Erroneous sentence. Petitioner was sentenced to 30 years for armed robbery, but was found not guilty of weapon in alleged robbery, therefore, the sentence could not have been based on the weapon when he was acquitted and it was on this alone, that petitioner could have been sentenced to 10 years for 30 (max), but trial court applied its own standard of proof, instead of what (S.C) legislature mandated.
>
>   On January 11, 2008, the respondent filed a motion for summary judgment.

By order filed January 14, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On February 19, 2008, the petitioner filed a motion to amend his petition, which was granted on February 26, 2008. The petitioner filed his amended petition on March 5, 2008, and on April 17, 2008, the respondent filed a supplemental return and renewed his motion for summary judgment. A second *Roseboro* order was filed on May 1, 2008. When the petitioner failed to file a

4

response, an order was entered on June 19, 2008, giving him through July 14, 2008, to respond. When he again failed to respond, this court recommended on July 16, 2008, that the case be dismissed for failure to prosecute. On July 21, 2008, the petitioner filed his response to the supplemental return and motion, and on July 23, 2008, the Honorable Cameron M. Currie, United States District Judge, recommitted the case to this court for further proceedings.

## UNDERLYING CRIMINAL CASE

As noted above, after a jury trial, the petitioner was found guilty of armed robbery. At trial, the victim, a former chief sheriff's deputy who owned the liquor store that was robbed, specifically and positively identified under oath the petitioner as the man who robbed him at gunpoint with a silver 9mm pistol (App. 109-117). The petitioner's mother admitted to police in a statement that she took the petitioner to the liquor store in a black car like the one seen by the victim (App. 113-18; 120-21; 150-51; 466-88). The petitioner told police in a statement that the victim gave him money and it was a willing and voluntary act by the victim to satisfy a drug debt for a friend (App. 212-15). In his trial testimony, the petitioner said his statement was true, but he was adamant that the money transfer was not even on the same day the robbery occurred, because he was out of town (App. 310-20). The petitioner also called multiple witnesses to support his claim that he was working elsewhere for a relative on the day of the robbery (App. 343-459).

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

> the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

**ANALYSIS**

*Ground One*

In Ground One, the petitioner alleges that his conviction was obtained by use of the coerced confession of his mother. The petitioner was indicted and convicted for the armed robbery of a liquor store owned and staffed by a former chief deputy of the jurisdiction (App. 109-117). Two days after the crime, the petitioner's mother gave a statement to Detective Kinsey admitting she took her son to the liquor store on the day of the robbery in a black car similar to the one seen by the victim (App. 463-88). The mother testified at trial for the State in reply, and while she admitted the statement she gave was voluntary and the truth, she claimed she was mistaken about the day she took the petitioner to the liquor store. The mother asserted she took him on a different day than the day on which the robbery occurred (App. 463-519). She also claimed at one point during her testimony that the detective told her she had been identified as the driver of the car leaving the scene after the robbery (App. 497-98). No further reference was made of this claim except in argument when defense counsel mentioned this testimony from the mother as part of her assertion that police were setting up the petitioner because he was a small time drug dealer who had strayed in to the wrong "turf" (App. 550-52). At no point did the defense seek to exclude the mother's testimony based on an alleged coerced confession – indeed, the defense extensively read from and questioned the petitioner's mother on her statement to police (App. 489-93; 499-502).

As argued by the respondent, this issue is procedurally barred. This issue was not mentioned in the *Anders* brief on direct appeal, nor was it mentioned in the petitioner's *pro se* brief. Even though this is a freestanding claim that could not be asserted as such in a PCR anyway, *see Drayton v. Evatt*, 430 S.E.2d 517 (S.C. 1993) (issues that could have been raised at trial or on direct appeal can not be raised in a PCR application absent a claim of ineffective assistance of counsel), no such issue was raised to the PCR

7

judge in either the original application for PCR or the handwritten amendments the petitioner provided at the hearing. Further, no such issue was ruled upon to the PCR judge, and the issue was not asserted in the PCR appeal.

If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

The petitioner cannot show cause and prejudice. The petitioner expresses no particular cause for procedurally defaulting on this ground. He was represented by counsel at the PCR hearing, and together they chose not to pursue the foregoing issues or to have the issues ruled upon in the court's order by a Rule 59(e) motion. The petitioner cannot show actual innocence because the evidence against him is overwhelming. Accordingly, the foregoing issue is procedurally barred.

***Ground Two***

In Ground Two, the petitioner makes two contentions: (1) that the prosecution failed to prove an essential element of the crime of armed robbery – namely, that he

8

possessed a deadly weapon – since the jury found him not guilty of possession of a weapon during commission of a violent crime, and (2) that since the jury did not find as a fact an element necessary for armed robbery, his sentence was "erroneous."

The petitioner was indicted for armed robbery and possession of a weapon during commission of violent crime. Armed robbery required as an element of the offense use of a deadly weapon in commission of the robbery, and armed robbery is a violent crime under South Carolina law. The jury convicted the petitioner of armed robbery, but acquitted him of the possession charge. The petitioner's counsel moved to set aside the verdict, for a directed verdict, and for a judgment notwithstanding the verdict, all based on the argument that the jury could not have found the petitioner guilty of armed robbery if they did not also believe he possessed a deadly weapon in commission of a violent crime. The trial court denied the motion, noting that it was not his place to speculate on why the jury did what it did, and that there was more than ample evidence to support the verdict of armed robbery (App. 626-32).

The petitioner and the appellate defender raised this discrepancy in various contexts in the direct appeal. The appellate defender challenged the inconsistent verdicts, but the petitioner's *pro se* brief raised the issue in the context of (1) directed verdict based on a material variance from the indictment and the evidence offered at trial, (2) lack of subject matter jurisdiction, (3) lack of sufficient evidence to sustain a charge of armed robbery, and (4) prejudicial conduct of the trial court in refusing to set aside the verdict. The appeal was dismissed after *Anders* review.

The petitioner also asserted the material variance argument in his original application for PCR (App. 653).   In the *pro se* amendments the petitioner provided at the hearing, he also argued that the inconsistent verdicts violated his Fifth Amendment right to be tried only on an indictment returned by the grand jury, and that they violated his Due Process right to be only convicted by proof beyond a reasonable doubt. During his

testimony at the PCR hearing, the State objected when the petitioner attempted to assert these constitutional claims in a freestanding context. The petitioner then contended counsel was ineffective for failing to raise the issue based on the Fifth Amendment and Due Process arguments, and counsel was ineffective for failing to take the judge up on an offer to send the verdicts back to the jury (App. 668-78; 681-84). The PCR judge took the issue under advisement, and on June 6th, 2005, the judge issued a letter in which she asked the State to prepare a proposed order. The judge noted that she found any issue as to the inconsistent verdicts was improper for PCR as it had been raised on direct appeal, and the petitioner's complaint that counsel failed to seek a lesser included offense to armed robbery was without merit since the petitioner's defense was alibi. Subsequently, the judge signed a proposed order, which noted that the State's motion for directed verdict was granted and any issues not specifically addressed were rejected as the petitioner failed to provide proof to support the allegations. However, the issue as to inconsistent verdicts was not specifically mentioned (App. 688-89).

The petitioner is essentially making a sufficiency of the evidence argument. "'Though claims of insufficient evidence are cognizable on collateral review, a federal court's review of such claims is 'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) (citing *Wright v. West*, 505 U.S. 277, 296 (1992)). Federal review of the sufficiency of the evidence to support a petitioner's state court conviction is not meant "to consider anew the jury's determination of guilt or to replace the State's system of direct appellate review." *Id.* at 405-06. *See also Wright*, 505 U.S. at 292. Therefore, a defendant is entitled to review only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (footnote omitted); *George v. Angelone*, 100 F.3d 353, 357 (4th Cir. 1996). The *Jackson* standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n. 16. Also, a federal reviewing court must consider circumstantial as well as

direct evidence and allow the government the benefit of all reasonable inferences from the facts proven to the facts sought to be established. *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). Further, "under *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). *See also Jackson*, 443 U.S. at 318-319 ("[T]his inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'"). Finally, when faced with evidence that allows conflicting inferences, this court must presume that the jury resolved such conflicts in the State's favor. *Jackson*, 443 U.S. at 326.

In South Carolina, "robbery" is defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Drayton*, 361 S.E.2d 329, 335 (S.C. 1987). "Armed robbery occurs when a person commits robbery while armed with a deadly weapon." *Id.*; S.C. Code Ann. § 16-11-330(A) (2003). As argued by the respondent, there is ample evidence in the record to support the jury's guilty verdict on armed robbery. The victim testified that the petitioner was the man who robbed him of money at gunpoint, and the petitioner's own mother admitted to the police in a statement that she took the petitioner to the liquor store in a black car like the one described by the victim.

Furthermore, the jury's inconsistent verdict on the possession of a weapon during commission of violent crime charge does not affect this conclusion. The South Carolina Supreme Court has specifically rejected inconsistent verdicts as a basis for setting aside a jury's decision. *State v. Alexander*, 401 S.E.2d 146, 149-50 (S.C. 1991). In *Alexander,* the court discussed the United States Supreme Court's decision in *United States v. Powell*, 469 U.S. 57 (1984), where the Court reaffirmed its view that a defendant could not attack his conviction on one count because it is inconsistent with a verdict of acquittal on another count. The Supreme Court in *Powell* noted that a jury may have

11

reached the allegedly inconsistent verdicts through "mistake, compromise, or lenity," and due to double jeopardy concerns, the Government has no corresponding right to appeal to correct an allegedly inconsistent verdict. The Court concluded that to attempt to determine whether a verdict was the result of error as opposed to one of the other reasons would be speculative and unworkable. *Id.* at 476-78.

In this case there could be a number of reasons why the jury acquitted the petitioner of the possession charge but yet still believed he robbed the victim at gunpoint – from nullification to a mistake or misunderstanding to compromise. Since there was ample evidence to support the guilty verdict the jury did return, there is no due process issue as to the sufficiency of the evidence.

The petitioner also alleges as part of this ground that he received an erroneous sentence above the statutory maximum since the prosecution did not prove the offense of armed robbery, based on his claim regarding inconsistent verdicts. For the reasons set forth above, even under a *de novo* standard of review, this ground for relief is without merit.

*Ground Three*

In Ground Three, the petitioner apparently contends he was denied his Fifth Amendment right to indictment by a grand jury because the jury was not specifically charged it had to find the petitioner possessed a handgun to find armed robbery, and because the judge charged on the elements of robbery and larceny. Even assuming this ground is not procedurally barred and proceeding under a *de novo* standard of review, this ground fails. As argued by the respondent, the grand jury provisions of the Fifth Amendment are not applicable to the states. *See Branzburg v. Hayes*, 408 U.S. 665, 788 n.25 (1972) ("indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"). Further, state indictments and

state court subject matter jurisdiction are matters of state law that are not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary").

In addition, larceny and robbery are subsumed within the elements of armed robbery. In South Carolina, "robbery" is defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *State v. Drayton*, 361 S.E.2d 329, 335 (S.C. 1987). "Armed robbery occurs when a person commits robbery while armed with a deadly weapon." *Id*.; S.C. Code Ann. § 16-11-330(A) (2003). More specifically, "[r]obbery is the crime of larceny accomplished with force, while larceny is the 'felonious taking and carrying away of the goods of another' against the owner's will or without his consent. Thus, asportation is an element of robbery and armed robbery." *State v. Keith*, 325 S.E.2d 325, 325-26 (S.C. 1985) (quoting *State v. Brown*, 260 S.E.2d 719, 720 (S.C. 1979)) (citations omitted). Accordingly, the trial court appropriately defined robbery and larceny in defining armed robbery (App. 594-96).

Also, as argued by the respondent, there was no proof or argument at trial that the petitioner possessed anything but a handgun when he robbed the victim. Thus, the petitioner could not claim surprise or variance and could not have been prejudiced. Based upon the foregoing, this claim fails.

***Ground Four***

In Ground Four, which was alleged the petitioner's amended petition, he contends his due process rights were violated because the prosecution failed to prove each element beyond a reasonable doubt, since the jury found him guilty of armed robbery but

13

acquitted him of possession of a weapon during commission of a violent crime. This issue was address with regard to Ground Two, and for the reasons set forth therein, this ground fails.

*Ground Five*

In Ground Five, which was alleged in the petitioner's amended petition, he alleges his counsel was ineffective for failing to request a charge on a lesser included offense to armed robbery. At PCR, the petitioner admitted his defense was alibi, but claimed his counsel was ineffective for not requesting a charge on a lesser included offense. The petitioner repeatedly admitted his claim at trial was that he was not there on the day of the offense (App. 667; 670-80). The State moved for a directed verdict in the PCR at the close of the petitioner's testimony; thus, there was no testimony from trial counsel. In its letter and written order, the PCR judge found counsel was not deficient nor the petitioner prejudiced by the failure to request the lesser included offense of common law robbery, noting that a request for a lesser included offense would be frivolous since there was no evidence to support such a request and the petitioner's defense was alibi (App. 689). The appellate defender raised the issue in a *Johnson* "no merit" petition on PCR appeal, but the state supreme court denied certiorari.

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether

14

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

Upon indictment for a greater offense, the trial court has the requisite jurisdiction to charge and convict a defendant of any lesser included offense. *See State v. Patterson*, 522 S.E.2d 845, 854 (S.C. Ct. App.1999). However, a lesser included offense instruction is required only when the evidence warrants such an instruction. *Id.* "The law to be charged is determined by the evidence presented at trial." *State v. Gourdine*, 472 S.E.2d 241 (S.C. 1996). "[D]ue process requires that a lesser included offense instruction be given *only* when the evidence warrants such an instruction." *Hopper v. Evans*, 456 U.S. 605, 611 (1982). *See Patterson*, 522 S.E.2d at 854.

The PCR court's finding on this ground was not contrary to, nor did it involve an unreasonable application of, Supreme Court precedent. Further, the decision was based on a reasonable determination of the facts in light of the evidence presented in the State court proceeding. The victim identified the petitioner as the person who robbed him at gunpoint with a 9mm pistol. The petitioner's mother admitted in a statement to police that she took the petitioner to the liquor store in a black car like the one seen by the victim. The petitioner told police in a statement that the victim gave him money, and it was a willing and voluntary act to satisfy a drug debt for a friend. In his trial testimony, the petitioner said his statement was true, but also was adamant that the money transfer was not even on the same day the robbery occurred, because he was out of town (App. 310-20). The petitioner also called multiple witnesses to support his claim that he was working elsewhere for a relative on the day of the robbery (App. 343-459). As there was no evidence from either the State's witnesses or the petitioner's witnesses that the petitioner merely robbed the

15

victim without use of a deadly weapon, or that he surreptitiously stole the money, there was no evidence to support a lesser included offense. Accordingly, counsel could not have been deficient or the petitioner prejudiced from the failure to request the charge. *See Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996) (if there exists no reasonable probability that a possible defense would have succeeded at trial, the alleged error in failing to disclose or pursue it cannot be prejudicial).

### *Ground Six*

In Ground Six, which was alleged in the amended petition, the petitioner contends that his 30 year sentence was erroneous, based upon his contention that since the jury acquitted him of possession of a weapon, he could not be guilty of armed robbery. This issue was addressed was addressed above in Ground Two. For the reasons stated therein, this ground fails.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the respondent's motion for summary judgment (doc. 16) be granted and the habeas petition be dismissed. Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, any nondispositive motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

August 1, 2008

Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).